1   TRACY L. WILKISON
    Acting United States Attorney
2   BRANDON D. FOX
    Assistant United States Attorney
3   Chief, Criminal Division
    LUCY B. JENNINGS (Cal. Bar No. 301977)
4   KEVIN J. BUTLER (Cal. Bar No. 329129)
    Assistant United States Attorneys
5        1200 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-5487/6495
7        Facsimile: (213) 894-0141
         E-mail:   lucy.jennings@usdoj.gov
8                  kevin.butler@usdoj.gov

9   Attorneys for Plaintiff
    UNITED STATES OF AMERICA
10
                      UNITED STATES DISTRICT COURT
11
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
    UNITED STATES OF AMERICA,          No. CR 19-287-DMG-7
13
              Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
14                                     KHACHATUR CHOBANYAN
                   v.
15
    KHACHATUR CHOBANYAN,
16
              Defendant.
17

18

19        1.   This constitutes the plea agreement between KHACHATUR

20   CHOBANYAN ("defendant") and the United States Attorney's Office for

21   the Central District of California (the "USAO") in the above-

22   captioned case.  This agreement is limited to the USAO and cannot

23   bind any other federal, state, local, or foreign prosecuting,

24   enforcement, administrative, or regulatory authorities.

25                      DEFENDANT'S OBLIGATIONS

26        2.   Defendant agrees to:

27             a.   At the earliest opportunity requested by the USAO and

28   provided by the Court, appear and plead guilty to count one of the

indictment in <u>United States v. KHACHATUR CHOBANYAN</u>, CR No. 19-287-DMG, which charges defendant with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349.

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained in this agreement.

        d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

        h.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

        a.   Not contest facts agreed to in this agreement.

        b.   Abide by all agreements regarding sentencing contained in this agreement.

        c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant

1   agrees, however, that at the time of sentencing the Court may

2   consider any dismissed charges in determining the applicable

3   Sentencing Guidelines range, the propriety and extent of any

4   departure from that range, and the sentence to be imposed.

5          d.   At the time of sentencing, provided that defendant

6   demonstrates an acceptance of responsibility for the offense up to

7   and including the time of sentencing, recommend a two-level reduction

8   in the applicable Sentencing Guidelines offense level, pursuant to

9   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10  additional one-level reduction if available under that section.

11                          NATURE OF THE OFFENSE

12      4.   Defendant understands that for defendant to be guilty of

13  the crime charged in count one, that is, Conspiracy to Commit Bank

14  Fraud, in violation of Title 18, United States Code, Section 1349,

15  the following must be true: (1) there was an agreement between two or

16  more persons to commit bank fraud; and (2) defendant became a member

17  of the conspiracy knowing of its object and intending to help

18  accomplish it.

19      5.   For defendant to be guilty of Bank Fraud, in violation of

20  Title 18, United States Code, Section 1344(2), which is the object of

21  the conspiracy charged in count one, the following must be true:

22  (1) defendant knowingly executed a scheme or plan to obtain money or

23  property from Bank of America, Wells Fargo, or JP Morgan by making

24  false statements or promises; (2) defendant knew that the statements

25  or promises were false; (3) the statements or promises were material;

26  that is, they had a natural tendency to influence, or were capable of

27  influencing a financial institution to part with money or property;

28

1  (4) defendant acted with the intent to defraud; and (5) Bank of

2  America, Wells Fargo, and JP Morgan were federally insured.

3  <u>PENALTIES AND RESTITUTION</u>

4      6.  Defendant understands that the statutory maximum sentence

5  that the Court can impose for a violation of Title 18, United States

6  Code, Section 1349 is: 30 years imprisonment; a five-year period of

7  supervised release; a fine of $1,000,000 or twice the gross gain or

8  gross loss resulting from the offense, whichever is greatest; and a

9  mandatory special assessment of $100.

10      7.  Defendant understands that defendant will be required to

11  pay full restitution to the victim(s) of the offense to which

12  defendant is pleading guilty.  Defendant agrees that, in return for

13  the USAO's compliance with its obligations under this agreement, the

14  Court may order restitution to persons other than the victim(s) of

15  the offense to which defendant is pleading guilty and in amounts

16  greater than those alleged in the count to which defendant is

17  pleading guilty.  In particular, defendant agrees that the Court may

18  order restitution to any victim of any of the following for any

19  losses suffered by that victim as a result: (a) any relevant conduct,

20  as defined in U.S.S.G. § 1B1.3, in connection with the offense to

21  which defendant is pleading guilty; and (b) any counts dismissed

22  pursuant to this agreement as well as all relevant conduct, as

23  defined in U.S.S.G. § 1B1.3, in connection with those counts.  The

24  parties currently believe that the applicable outstanding amount of

25  restitution is approximately $6,969.96 but recognize and agree that

26  this amount could change based on facts that come to the attention of

27  the parties prior to sentencing.

28

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.

1   Defendant understands that while there may be arguments that
2   defendant can raise in immigration proceedings to avoid or delay
3   removal, removal is presumptively mandatory and a virtual certainty
4   in this case.  Defendant further understands that removal and
5   immigration consequences are the subject of a separate proceeding and
6   that no one, including his attorney or the Court, can predict to an
7   absolute certainty the effect of his conviction on his immigration
8   status.  Defendant nevertheless affirms that he wants to plead guilty
9   regardless of any immigration consequences that his plea may entail,
10  even if the consequence is automatic removal from the United States.

11                              FACTUAL BASIS

12      11.  Defendant admits that defendant is, in fact, guilty of the
13  offense to which defendant is agreeing to plead guilty.  Defendant
14  and the USAO agree to the statement of facts provided below and agree
15  that this statement of facts is sufficient to support a plea of
16  guilty to the charge described in this agreement and to establish the
17  Sentencing Guidelines factors set forth in paragraph 13 below but is
18  not meant to be a complete recitation of all facts relevant to the
19  underlying criminal conduct or all facts known to either party that
20  relate to that conduct.

21      Beginning on a date unknown, but not later than May 2015, and
22  continuing until at least September 2015, in Los Angeles County,
23  within the Central District of California, and elsewhere, defendant
24  conspired and agreed with others to commit bank fraud.  Specifically,
25  defendant and his co-conspirators agreed to knowingly execute a
26  scheme to obtain money owned by Bank of America, JP Morgan, and Wells
27  Fargo by means of materially false and fraudulent pretenses,

28

representations, and promises.  Defendant joined the conspiracy
knowing of its object and intending to help accomplish it.

As part of the conspiracy, defendant and his co-conspirators
obtained genuine Armenian passports not in their names that had the
personal identifying information of the true passport holders, but
had been fraudulently altered to bear the photographs of defendant or
one of his co-conspirators.  Then, defendant and his co-conspirators
used the fraudulently altered passports and the personal identifying
information of the passport holders to open bank accounts at Bank of
America, JP Morgan, and Wells Fargo banks.  In doing so, defendant
and his co-conspirators concealed their true identities to the banks
and falsely represented to the victim banks that they were the true
passport holders.  Defendant knew that the statements he made to the
banks were false and that such statements were material in that they
had a natural tendency to influence the banks to part with money or
property.

Once the bank accounts were opened, defendant and his co-
conspirators made small deposits into and small withdrawals from the
accounts at Bank of America for the first 90 days in order to make
the accounts appear legitimate and encourage Bank of America to place
the accounts in good standing.  Once these accounts were in good
standing, defendant and his co-defendants would deposit forged or
fraudulent checks from other fraudulently opened checking accounts
into the Bank of America savings accounts.  In doing so, defendant
and his co-conspirators falsely represented to Bank of America that
the deposited checks were legitimate and that money existed in
legitimate bank accounts.

1    Later, defendant's co-conspirators accessed the Bank of America

2  accounts online and transferred money from the savings accounts into

3  the corresponding checking accounts so that the money was readily

4  available for withdrawal.  Then, defendant's co-conspirators withdrew

5  money from the fraudulently opened Bank of America accounts at casino

6  ATMs in Las Vegas and elsewhere.

7    At all times during the conspiracy, defendant acted with the

8  intent to defraud.  As part of his role in the conspiracy, defendant

9  used at least two stolen identities to open bank accounts in the true

10 passport holders' names by using Armenian passports with defendant's

11 photograph and the personal identifying information of the true

12 passport holders.  In addition, defendant assisted with the opening

13 and use of bank accounts opened by his co-conspirators using at least

14 four additional stolen identities.

15    At all times relevant to this charged conduct, Bank of America,

16 Wells Fargo and JP Morgan were federally insured.

17                          SENTENCING FACTORS

18    12.  Defendant understands that in determining defendant's

19 sentence the Court is required to calculate the applicable Sentencing

20 Guidelines range and to consider that range, possible departures

21 under the Sentencing Guidelines, and the other sentencing factors set

22 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

23 Sentencing Guidelines are advisory only, that defendant cannot have

24 any expectation of receiving a sentence within the calculated

25 Sentencing Guidelines range, and that after considering the

26 Sentencing Guidelines and the other § 3553(a) factors, the Court will

27 be free to exercise its discretion to impose any sentence it finds

28

1  appropriate up to the maximum set by statute for the crime of

2  conviction.

3      13.   Defendant and the USAO agree to the following applicable

4  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. §§ 2X1.1(a), |
| | | 2B1.1(a)(1) |
| Specific Offense Characteristic: Loss Greater Than $6,500 | +2 | U.S.S.G. § 2B1.1(1)(B) |
| Specific Offense Characteristic: Possession of Authentication Feature | +2 | U.S.S.G. § 2B1.1(b)(11)(A)(ii) |
| Mitigating Role Adjustment: Minor Participant | -2 | U.S.S.G. § 3B1.2(b) |

14  Defendant and the USAO reserve the right to argue that additional

15  specific offense characteristics, adjustments, and departures under

16  the Sentencing Guidelines are appropriate.  Defendant understands

17  that defendant's offense level could be increased if defendant is a

18  career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's

19  offense level is so altered, defendant and the USAO will not be bound

20  by the agreement to Sentencing Guideline factors set forth above.

21      14.   Defendant understands that there is no agreement as to

22  defendant's criminal history or criminal history category.

23      15.   Defendant and the USAO reserve the right to argue for a

24  sentence outside the sentencing range established by the Sentencing

25  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

26  (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

      c.  The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

      d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.  The right to confront and cross-examine witnesses against defendant.

      f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's conviction on the offense to which defendant is

2  pleading guilty.  Defendant understands that this waiver includes,

3  but is not limited to, arguments that the statute to which defendant

4  is pleading guilty is unconstitutional, and any and all claims that

5  the statement of facts provided herein is insufficient to support

6  defendant's plea of guilty.

7                    LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

8       18.  Defendant agrees that, provided the Court imposes a total

9  term of imprisonment within or below the range corresponding to an

10 offense level of 7 and the criminal history category calculated by

11 the Court, defendant gives up the right to appeal all of the

12 following: (a) the procedures and calculations used to determine and

13 impose any portion of the sentence; (b) the term of imprisonment

14 imposed by the Court; (c) the fine imposed by the court, provided it

15 is within the statutory maximum; (d) to the extent permitted by law,

16 the constitutionality or legality of defendant's sentence, provided

17 it is within the statutory maximum; (e) the amount and terms of any

18 restitution order, provided it requires payment of no more than

19 $6,969.96; (f) the term of probation or supervised release imposed by

20 the Court, provided it is within the statutory maximum; and (g) any

21 of the following conditions of probation or supervised release

22 imposed by the Court: the conditions set forth in General Order 20-04

23 of this Court; the drug testing conditions mandated by 18 U.S.C.

24 §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

25 authorized by 18 U.S.C. § 3563(b)(7).

26      19.  The USAO agrees that, provided (a) all portions of the

27 sentence are at or below the statutory maximum specified above and

28 (b) the Court imposes a term of imprisonment within or above the

1  range corresponding to an offense level of 7 and the criminal history

2  category calculated by the Court, the USAO gives up its right to

3  appeal any portion of the sentence, with the exception that the USAO

4  reserves the right to appeal the amount of restitution ordered.

5              RESULT OF WITHDRAWAL OF GUILTY PLEA

6      20.  Defendant agrees that if, after entering a guilty plea

7  pursuant to this agreement, defendant seeks to withdraw and succeeds

8  in withdrawing defendant's guilty plea on any basis other than a

9  claim and finding that entry into this plea agreement was

10  involuntary, then (a) the USAO will be relieved of all of its

11  obligations under this agreement; and (b) should the USAO choose to

12  pursue any charge that was either dismissed or not filed as a result

13  of this agreement, then (i) any applicable statute of limitations

14  will be tolled between the date of defendant's signing of this

15  agreement and the filing commencing any such action; and

16  (ii) defendant waives and gives up all defenses based on the statute

17  of limitations, any claim of pre-indictment delay, or any speedy

18  trial claim with respect to any such action, except to the extent

19  that such defenses existed as of the date of defendant's signing this

20  agreement.

21              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22      21.  Defendant agrees that if the count of conviction is

23  vacated, reversed, or set aside, both the USAO and defendant will be

24  released from all their obligations under this agreement.

25              EFFECTIVE DATE OF AGREEMENT

26      22.  This agreement is effective upon signature and execution of

27  all required certifications by defendant, defendant's counsel, and an

28  Assistant United States Attorney.

12

## BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits

14

1   both the USAO and defendant to submit full and complete factual

2   information to the United States Probation and Pretrial Services

3   Office and the Court, even if that factual information may be viewed

4   as inconsistent with the facts agreed to in this agreement, this

5   paragraph does not affect defendant's and the USAO's obligations not

6   to contest the facts agreed to in this agreement.

7       27.  Defendant understands that even if the Court ignores any

8   sentencing recommendation, finds facts or reaches conclusions

9   different from those agreed to, and/or imposes any sentence up to the

10  maximum established by statute, defendant cannot, for that reason,

11  withdraw defendant's guilty plea, and defendant will remain bound to

12  fulfill all defendant's obligations under this agreement.  Defendant

13  understands that no one -- not the prosecutor, defendant's attorney,

14  or the Court -- can make a binding prediction or promise regarding

15  the sentence defendant will receive, except that it will be within

16  the statutory maximum.

17                          NO ADDITIONAL AGREEMENTS

18      28.  Defendant understands that, except as set forth herein,

19  there are no promises, understandings, or agreements between the USAO

20  and defendant or defendant's attorney, and that no additional

21  promise, understanding, or agreement may be entered into unless in a

22  writing signed by all parties or on the record in court.

23  //

24  //

25  //

26  //

27  //

28  //

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        29.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKINSON
     Acting United States Attorney

10   _____          7/7/21
     LUCY B. JENNINGS                         Date
11   KEVIN J. BUTLER
     Assistant United States Attorneys

13   _____          6/22/21
     KHACHATUR CHOBANYAN                      Date
14   Defendant

16   _____          6/23/21
     GEORGE G. MGDESYAN, ESQ.                 Date
17   Attorney for Defendant
     KHACHATUR CHOBANYAN

16

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Armenian, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          6/22/21
KHACHATUR CHOBANYAN                    Date _____
Defendant

17

CERTIFICATION OF INTERPRETER

I, _Sark.s Mardyan_ , am fluent in the written and spoken English and Armenian languages.  I accurately translated this entire agreement from English into Armenian to defendant KHACHATUR CHOBANYAN on this date.

INTERPRETER _____   Date 6/22/21

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KHACHATUR CHOBANYAN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____   Date 6/22/21
GEORGE G. MGDESYAN, ESQ.
Attorney for Defendant
KHACHATUR CHOBANYAN

18